IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY PIKE, | § | |
| TDCJ-CID NO.557981, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION H-10-2722 |
| KAREN MAHONE, *et al.*, | § | |
| Defendants. | § | |

## OPINION ON DISMISSAL

Plaintiff is currently incarcerated at the Ellis Unit in Huntsville, Texas, where he is serving a life sentence for two 1990 murder convictions from Bell County, Texas. Texas Department of Criminal Justice website.[1] On July 30, 2010, plaintiff filed a *pro se* "Affidavit in Support of Henry Pike for Disciplinary Case Involving Assistance to Ricky Kyeth Maxwell for Legal Assistance in Filing § 1983 Civil Rights Lawsuit against Excessive Use of Force by TDCJ Officials," dated July 2, 2010. (Docket Entry No.1). The Affidavit was addressed to the U.S. Marshal's Office in Houston, Texas. (Docket Entry No.1-1, page 1). Based on this affidavit, the Clerk opened the present action as a civil rights complaint pursuant to 42 U.S.C. § 1983.[2] (Docket Entry No.1). Thereafter, plaintiff filed numerous motions, including a motion to stay and abate the pending suit to exhaust his state administrative remedies.

For the reasons to follow, the Court will dismiss the complaint and deny all pending motions.

## BACKGROUND

On June 30, 2010, plaintiff was notified that he had been charged with a disciplinary offense of exerting authority over another inmate, which was related to a law suit

---

[1] http://168.51.178.33/webapp/TDCJ/InmateDetails.sjp?sidnumber=02068139

[2] Plaintiff has not paid the $350.00 filing fee nor submitted a complete application to proceed *in forma pauperis*.

that he had filed on behalf of another inmate. (Docket Entry No.5, page 10). The same day, plaintiff prepared letters to the U.S. Attorney's Office and the U.S. Marshal's Office in Houston, in which he complained of constitutional violations and threats by TDCJ-CID employees who were involved in the other inmate's law suit.[3] (*Id*., page 2). On July 16, 2010, plaintiff was questioned by the Unit Classification Committee about a deposit to his inmate trust fund account by another inmate's brother, which officials presumed was payment for plaintiff's legal work. (*Id.*, pages 3-4). On July 23, 2010, plaintiff was found guilty of the disciplinary violation of "[e]stablishing a business, namely, doing legal work in the law library." (*Id*., page 4).

Thereafter, plaintiff received notice from the Clerk that a civil rights complaint had been opened in this Court. (*Id*., page 5). Plaintiff inquired about the suit[4] and filed a Motion to Stay or Place in Abeyance such suit until he could exhaust his state remedies. (Docket Entries No.4, No.5 page 5). Plaintiff later filed a Motion to Amend without a proposed amended complaint, a Motion for Protection and Injunctive Order, and a Memorandum in Support of the Motion for Protective/Injunctive Order. (Docket Entries No.5, No.6, No.7).

DISCUSSION

Under the Prison Litigation Reform Act, inmates must exhaust "such administrative remedies as are available" prior to bringing a civil action. 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Consistent with Supreme Court precedent, the

---

[3] Presumably, plaintiff's letter to the U.S. Marshal's Office is the Affidavit, which the Clerk opened as a civil rights case.

[4] On August 6, 2010, plaintiff notified the Clerk in a letter dated August 4, 2010, that he had not filed a federal civil rights complaint. (Docket Entry No.3).

Fifth Circuit has also mandated that a prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Failure to exhaust is an affirmative defense, and "inmates are not required to specifically plead or demonstrate exhaustion in their complaints." *Jones v. Bock*, 549 U.S. 199, 216 (2007). Dismissal may be appropriate, however, when, on its face the complaint establishes the inmate's failure to exhaust. *See Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007); *Hicks v. Lingle*, 370 Fed. Appx. 497, 498 (5th Cir. 2010), *petition for cert. filed*, -- U.S.L.W.-- (U.S. June 14, 2010) (No.10-6185).

In this case, plaintiff indicates in his Motion to Stay or Place in Abeyance that he has not exhausted his state remedies with respect to the claims before this Court. For this reason, plaintiff's complaint's is subject to dismissal pursuant to 42 U.S.C. § 1997(e).

## CONCLUSION

Based on the foregoing, the Court ORDERS the following:

1. Plaintiff's complaint (Docket Entry No.1) is DISMISSED, without prejudice, pursuant to 42 U.S.C. § 1997e(a).

2. All pending motions are DENIED.

The Clerk will provide a copy of this order to plaintiff and a copy by facsimile transmission, regular mail, or e-mail to the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159.

SIGNED at Houston, Texas, this 26th day of October, 2010.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE